NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUANG WEI,<br><br>   Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>   Respondent. | No. 14-72379<br><br>Agency No. A099-904-451<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Guang Wei, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings,

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Wei's testimony and between Wei's testimony and his declaration. *See id*. at 1048 (adverse credibility finding reasonable under the totality of the circumstances). The agency also properly relied on Wei's evasiveness and unresponsiveness during the hearing, and Wei's lack of corroborating evidence. *See Singh v. Holder*, 638 F.3d 1264, 1270-71 (9th Cir. 2011) (failure to provide readily available corroborating evidence may make it reasonable to question an applicant's credibility); *Shrestha*, 590 F.3d at 1045 (unresponsiveness may be considered in evaluating credibility). Wei's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Wei's asylum and withholding of removal claims fail. *See Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014).

Finally, substantial evidence supports the agency's denial of Wei's CAT claim because it was based on the same testimony the agency found not credible, and Wei does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the

consent or acquiescence of the government if returned to China. *See Almaghzar v.*

*Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**